**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Board of Trustees of the Duluth Building Trades Health Fund, | No. 25-cv-4312 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Gustafson Mechanical, Inc., | |
| Defendant. | |

---

On November 12, 2025, Plaintiff Board of Trustees of the Duluth Building Trades Health Fund ("the Fund") initiated this action to enforce the terms of its collective bargaining agreement ("CBA") with Defendant Gustafson Mechanical, Inc. ("Gustafson"). (Dkt. 1.) More specifically, the Fund requests an order requiring Gustafson to provide it with contribution reports and payroll books and records covering March 2025 through September 2025, and ultimately seeks to recover delinquent contributions, interest, and liquidated damages owed for that same period. (Dkt. 1 ¶¶ 7A–B.) The matter is before the Court on the Fund's Motion for Default Judgment (Dkt. 8), on which the Court held a remote hearing on June 16, 2026 (Dkt. 14). The motion is granted.

## FINDINGS OF FACT

1.      Plaintiff commenced this action by filing a Complaint on November 12, 2025. (Dkt. 1.) Defendant was served with the Summons and Complaint on November 17, 2025. (Dkt. 4.)

1

2.      The time allowed by law and specified in the Summons for Gustafson to answer the Complaint has lapsed.

3.      To date, Gustafson has failed to file an Answer with the Clerk of Court, serve an appropriate Answer upon Plaintiff's counsel, or otherwise respond. Gustafson also failed to appear for the June 16th hearing.

4.      On January 8, 2026, the Clerk of Court entered default against Gustafson. (Dkt. 7.)

5.      Plaintiff is a multiemployer benefit plan, as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Dkt. 1 ¶ 2.) The Fund is "administered by a joint Board of Trustees consisting of representatives of both labor and management." (*Id.*) The Board serves as the Plan Sponsor of the Fund, as that term is defined in ERISA. The Board of Trustees of the Fund brought this action against Gustafson in its capacity as a fiduciary of the Fund under ERISA. (*Id.*)

6.      Gustafson executed a CBA, which required Gustafson to make contributions to the Fund on behalf of individuals covered by the CBA. (Dkt. 1 ¶ 4.) Gustafson was also required to pay a specific dollar amount in contributions to the Fund for each hour worked by employees performing work covered by the CBA. (*Id.*) Gustafson's contributions are due to the Fund by the 15th day of the month following the month in which the contribution obligation was incurred. (*Id.* ¶ 5.)

7.      The Fund has made repeated demands for Gustafson to submit contribution reports for March 2025 through September 2025, as well as the contributions owed to the Fund for that time period. (Dkt. 11 ¶ 6.) Nevertheless, Gustafson has failed to submit any

contribution reports and contributions owed for the relevant period. (*Id.*) Without Defendant's contribution reports or its payroll books and records, the Fund is unable to determine the amount of delinquent contributions owed. (*Id.* ¶ 7.)

8.      Gustafson submitted a contribution report for October 2025, which indicated that no contributions were owed for October 2025 and that Gustafson would not file any additional reports. (*Id.* ¶ 5.)

9.      As a signatory to the CBA, Gustafson is bound by the Fund's Agreement and Declaration of Trust ("Trust Agreement") and Collection Policy. (Dkt. 1 ¶ 5.) Under those agreements, Gustafson is delinquent on an unknown amount of contributions to the Fund for the months of March 2025 through September 2025. (*Id.* ¶ 7; Dkt. 11 ¶ 6.) In addition to the delinquent contributions, Gustafson is now liable for liquidated damages of twenty percent (20%) of the amount of the delinquent contributions, plus interest at an annual rate of six percent (6%), as well as reasonable attorney fees and costs incurred in the collection process, including court fees. (Dkt. 1 ¶ 5.)

10.      Upon an audit of Gustafson's records, if any employees worked hours for which fringe benefit contributions were owed but not reported and paid to the Fund, Gustafson will be required under the CBA and § 515 of ERISA, 29 U.S.C. § 1145, to pay those contributions to Plaintiffs.

## **CONCLUSIONS OF LAW**

1.      The Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145, and 28 U.S.C. § 1331. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2).

2.      Because Gustafson is in default, the Court takes the factual allegations in the Complaint as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The Court must still determine whether those facts "constitute a legitimate cause of action[.]" *Id.* The Court finds that the facts here support the Plaintiff's legal claims. Therefore, Plaintiff is entitled to entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2) (permitting courts to enter default judgment against a party upon another party's application).

3.      Gustafson is liable to the Fund for delinquent contributions, interest, liquidated damages due and owing from March 1, 2025, through September 30, 2025, as well as attorney fees and costs incurred in collecting the delinquency. *See* 29 U.S.C. § 1132(g).

4.      Gustafson must submit all requested records so that Plaintiff can complete an audit and accurately identify whether any additional contributions are due for the relevant period.

5.      Plaintiff is without any alternative remedy in law and is unable to quantify damages without production of the records needed for a compliance audit. Therefore, an order providing the following injunctive relief is appropriate.

### **ORDER**

Based on the foregoing Findings of Fact and Conclusions of Law, **IT IS ORDERED** that:

1. Plaintiff's Motion for Entry of Default Judgment (Dkt. 8) is **GRANTED**;

2. Defendant is liable to Plaintiff for delinquent contributions, interest, and liquidated damages due and owing from March 1, 2025, through September 30, 2025, as well as attorney fees and costs incurred in collecting the delinquency;

3. Defendant shall submit its contribution reports or payroll books and records to Plaintiff for the months of March 2025 to September 2025; and

4. Plaintiff may file and serve a motion for entry of a money judgment in the amount Plaintiff determines Defendant owes in delinquent contributions, liquidated damages, interest, reasonable attorney fees, and costs of collection. Defendant may then file and serve a response to Plaintiff's motion for entry of a money judgment within 21 days of service of the motion. At that point, the Court will issue an Order based on the written submissions, unless the Court determines that a hearing is required.

**Let Judgment be entered accordingly.**

Date: July 8, 2026

_s/ Katherine M. Menendez_
Katherine M. Menendez
United States District Judge